IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM ARCE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRAVEL GUARD GROUP, INC., NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., and UNITED AIRLINES, INC.,<br><br>Defendants. | CASE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff William Arce ("Plaintiff"), individually and on behalf of all others similarly situated, makes the following allegations upon information and belief, except as to allegations specifically pertaining to Plaintiff, which is based on his personal knowledge.

## NATURE OF THE ACTION

1. This is a class action on behalf of persons who purchased travel insurance policies while booking airfare on United Airlines flights on www.united.com (the "Website"). As detailed herein, the pre-departure coverage benefits the insurance purports to provide are completely illusory. That is because although the insurance is marketed to protect consumers against incurring cancellation and/or change fees, United Airlines has abolished all cancellation and change fees for its flights, obviating the need for any pre-departure insurance coverage at all. Worse, the marketing pitch for the insurance falsely threatens consumers that they will be responsible for cancellation and/or change fees if they do not purchase it.

2. Defendants Travel Guard Group, Inc. ("Travel Guard") and National Union Fire Insurance of Pittsburg, PA. ("National Union") (collectively "AIG") sell travel protection

insurance policies to individuals throughout the country in exchange for payment. This insurance product is branded as Travel Guard travel insurance. In doing so, AIG partners with United Airlines Corporation ("United," and together with AIG, "Defendants") to advertise its policies on the Website's checkout pages in exchange for commission kickbacks and advertisement fees.

3. On or about March 3, 2020, in response to the Novel Coronavirus ("COVID-19") pandemic, United issued a policy to waive change fees and give one-year voluntary cancellation vouchers for all of their flights purchased before the first quarter of 2021 (the "Refund Policy").[1]

4. Despite the Refund Policy, however, Defendants continue to deceptively advertise and sell travel insurance policies to protect against the same perils that Refund Policy eliminated. Misled by Defendants' misrepresentations, Plaintiff and the proposed class members chose to purchase Defendants' travel insurance under false pretenses.

5. Furthermore, Plaintiff and the proposed class members were, from the outset, contractually ineligible to receive trip cancelation and change fee coverage under their travel insurance because their tickets were already refundable under United's Refund Policy.

6. As a result of their deceptive conduct and illusory promises, Defendants are, and continue to be, unjustly enriched at the expense of their customers.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over the claims asserted herein individually and on behalf of the class pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005. Subject matter jurisdiction is proper because: (1) the amount in controversy in this class

---

[1] https://www.united.com/ual/en/us/fly/travel/notices.html#ChangeFeeTerms (last accessed May 6, 2021).

action exceeds five million dollars, exclusive of interest and costs; and (2) there are more than 100 Class members; (3) at least one member of the Class is diverse from the Defendants; and (4) the Defendants are not governmental entities.

8. Personal jurisdiction is proper as Defendants have purposefully availed themselves of the privilege of conducting business activities within the State of New Jersey.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims asserted herein occurred in this District. At all pertinent times, Defendants were (and remain) in the business of marketing, advertising, distributing, and selling travel insurance throughout the State of New Jersey and nationwide.

## THE PARTIES

10. William Arce is a resident and citizen of the State of New Jersey who resides in Woodbridge, NJ. On April 1, 2021, Plaintiff purchased airfare on the Website for travel between Newark, NJ and Cabo San Lucas, Mexico, with a departure date of June 20, 2021 and a return date of June 25, 2021. Before his purchase was complete, the Website asked Mr. Arce if he wished to purchase Travel Guard insurance that would include a "flight refund if you can't travel for a covered reason." The Website further represented that if Plaintiff declined coverage, he could "otherwise be responsible for certain cancellation fees and delay expenses." The Website failed to disclose at this time that United had waived cancellation and change fees and that he would not be charged for cancelling or changing the flight. Further, the Website failed to disclose at this time that the Travel Guard insurance would not be responsible under any circumstances to refund cancellation or change fees in connection with Plaintiff's flights.

11. Plaintiff relied on the above representations in that he would not have purchased, or only agreed to pay less for, the Travel Guard insurance, if he was aware that cancellation and/or change fees were already waived by United and that AIG would under no circumstances be

responsible to cover such fees in connection with his flights. Further, had Defendants disclosed these matters to Plaintiff at the time of his Travel Guard purchase, he would have been aware of that and would have either not purchased the Travel Guard insurance at all, or only agreed to purchase it at a lower price.

12. Based on the above representations and omissions, Plaintiff paid $57.06 for Travel Guard insurance coverage.

13. United Airlines, Inc. ("United") is a Delaware corporation with its principal place of business in Illinois. Pursuant to a marketing agreement, United permits Travel Guard Group, Inc. ("Travel Guard") to offer travel insurance to United's customers in exchange for commission kickbacks and advertisement fees. Further, pursuant to said agreement, United offers marketing support to Travel Guard, helps stylize Travel Guard's advertisements to conform to United's Website, and has the authority to approve or disapprove those advertisements.

14. Travel Guard is a Wisconsin corporation with its principal place of business in Wisconsin. Travel Guard is authorized to transact business and is licensed as an insurance producer in all 50 states and the District of Columbia. Travel Guard is authorized by AIG to advertise, sell, and administer the travel insurance policies at issue in this Complaint.

15. National Union is a Pennsylvania insurance company with its principal place of business in New York. National Union is authorized to transact business in all 50 states and the District of Columbia. National Union is the certified insurer and underwriter of the travel policies at issue in this Complaint.

16. At all relevant times herein, Defendants acted collectively or as authorized agents of each other. As such, they are jointly and severally liable for each and every one of the violations alleged herein.

# FACTUAL ALLEGATIONS

*Defendants' False Advertising*

17. AIG sells travel insurance plans to cover the risks associated with domestic and international travel.

18. AIG sells single-trip policies directly through United's Website.

19. On or about March 3, 2020, United issued a policy to waive change fees and give one-year voluntary cancellation vouchers for all flights purchased before April 30, 2021, or May 31, 2021, depending on the fare of the ticket. United subsequently got rid of change fees altogether for most of their airfares. (the "Refund Policy").[2]

20. Despite the existence of the Refund Policy, however, Defendants lured Plaintiff and class members into purchasing AIG's travel insurance by misrepresenting at the time of booking that coverage was needed to prevent cancellation and/or change fees, although it was not.

21. Specifically, upon booking, the Website represents that AIG provides a "Flight refund if you can't travel for a covered reason" and "Coverage for flight cancellations." Beneath that, Defendants force any consumers who wish to decline insurance coverage to click a box stating that they "understand that by declining coverage [they] may otherwise be responsible for certain cancellation fees and delay expenses." Below is an exemplar of the language appearing on the Website:

---

[2] https://www.united.com/ual/en/us/fly/travel/notices.html#ChangeFeeTerms (last accessed May 6, 2021).



22.     As explained herein, none of this is true.  AIG never covered, nor paid for, any cancellation-related expenses during the Refund Policy period.  It provides no pre-departure benefits whatsoever.

23.     Defendants know these statements are misleading.  They say them anyway in order to fraudulently induce consumers into purchasing unneeded insurance.

**AIG's Illusory Cancellation Coverage**

24.     By selling insurance with benefits that it will never have to pay out, AIG charges class members insurance premiums for risks that it never assumes.

6

25. The travel insurance policy that AIG sells through United's Website promises to pay their insured: "*Cancelation Penalties* for unused travel arrangements" and "*Travel Supplier* change fees." Ex. A at 6, Section III. These benefits, however, are illusory.

26. Specifically, the "change fee" coverage is illusory because, as explained *supra*, United waived those fees as part of its Refund Policy.

27. Similarly, the "*Cancelation Penalties*" coverage is illusory because the term is defined, in pertinent part, to include only costs "which are not refunded or refundable by the *Travel Supplier*, or are subject to restrictions." Ex. A at 13-14, Section IV. Because United's Refund Policy includes travel vouchers, AIG considered Plaintiff and the proposed class members' tickets to be "refundable" and not subject to any benefits; as evidenced by the fact that to recoup any purported losses for canceled trips, the insured is required to provide AIG "documentation showing any received or expected settlements, refunds or **credits** for this Loss from any other party." (emphasis added).

28. Indeed, when one goes through AIG's online claim procedure, AIG requires its insureds to disclose the original price of their ticket along with "Expected Refunds or Credits," including "future flight credits or travel certificates from your travel supplier (Airline, cruise, tour company etc..)." As a result, any insured who makes a claim for a ticket purchased through United ends up receiving $0 dollars in compensation:



## CLASS ACTION ALLEGATIONS

29.   Plaintiff seeks to represent the following Nationwide Class and Subclass:

**Nationwide Class:**

All persons in the United States who purchased AIG's Travel Guard travel insurance on United's website from March 3, 2020 to present.

8

**New Jersey Subclass:**

All Class Members who purchased Travel Guard in the State of New Jersey.

30. The Classes do not include Defendants, their officers, and/or their directors or the Judge to whom this case is assigned and the Judge's staff.

31. *Community of Interest*: There is a well-defined community of interest among members of the Classes, and the disposition of the claims of these members of the Classes in a single action will provide substantial benefits to all parties and to the Court.

32. *Numerosity*: While the exact number of members of the Classes is unknown to Plaintiff at this time and can only be determined by appropriate discovery, membership in the Classes is ascertainable based upon the records maintained by the Defendants. At this time, Plaintiff is informed and believes that the Classes include thousands of members. Therefore, the Classes are sufficiently numerous that joinder of all members of the Classes in a single action is impracticable under Federal Rule of Civil Procedure Rule 23(a)(1), and the resolution of their claims through the procedure of a class action will be to the benefit to the parties and the Court.

33. *Ascertainability*: Names and addresses of members of the Classes are available from Defendants' records. Notice can be provided to the members of the Classes through direct mailing, publication, or otherwise using techniques and a form of notice similar to those customarily used in consumer class actions arising under state law and federal law.

34. *Typicality:* Plaintiff's claims are typical of the claims of the other members of the Classes which he seeks to represent under Federal Rule of Civil Procedure 23(a)(3) because Plaintiff and each member of the Classes have been subjected to the same deceptive and improper practices and have been damaged in the same manner thereby.

35. *Adequacy*: Plaintiff will fairly and adequately represent and protect the interests of the Classes as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiff is an adequate

representative of the Classes because he has no interests which are adverse to the interests of the members of the Classes. Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained skilled and experienced counsel, and by making a pre-suit demand on behalf of the members of the Classes to protect their interests.

36. **Superiority:** A class action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this action under Federal Rule of Civil Procedure 23(b)(3) because:

> (a) The expense and burden of individual litigation makes it economically unfeasible for members of the Classes to seek to redress their claims other than through the procedure of a class action;
>
> (b) If separate actions were brought by individual members of the Classes, the resulting duplicity of lawsuits would cause members to seek to redress their claims other than through the procedure of a class action; and
>
> (c) Absent a class action, Defendants likely would retain the benefits of their wrongdoing, and there would be a failure of justice.

37. Common questions of law and fact exist as to the members of the Classes, as required by Federal Rule of Civil Procedure 23(a)(2), and predominate over any questions which affect individual members of the Classes within the meaning of Federal Rule of Civil Procedure 23(b)(3). Such questions include, but are not limited to, the following:

> (a) Whether Defendants engaged in unfair methods of competition and unfair, fraudulent and deceptive acts or practices in connection with the sale of their travel insurance policies on United's website during the Refund Policy period;
>
> (b) Whether AIG is required to provide partial refunds for risks that it did not assume due to United's Refund Policy;

(c) Whether Plaintiff and the members of the Classes have suffered damages as a result of Defendants' actions and the amount thereof;

(e) Whether Plaintiff and the members of the Classes are entitled to statutory damages;

(f) Whether Plaintiff and the members of the Classes are entitled to restitution;

(g) Whether Plaintiff and the members of the Classes are entitled to injunctive relief to enjoin Defendants from further engaging in these wrongful practices; and

(h) Whether Plaintiff and the members of the Classes are entitled to attorney's fees and costs.

## CAUSES OF ACTION

### COUNT I
### (Fraud)
### (On Behalf of Plaintiff and the Nationwide Class against AIG and United)

38. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

39. As set forth in detail above, Defendants misrepresented on United's website that by purchasing the AIG's travel insurance, Plaintiff and the Class members would incur fees for various cancellation and changes to their itineraries if they did not purchase insurance, although that was false. Defendants also misrepresented that the insurance coverage would provide reimbursement for costs associated with trip cancellations, although that was also false.

40. Further, Defendants failed to disclose to Plaintiff and the Class members that pre-departure insurance coverage was unnecessary.

41.     Defendants intentionally or recklessly made these material misrepresentations and omissions to Plaintiff and the Class members with the intent to induce them to purchase AIG's travel insurance.

42.     Plaintiff and the Class members reasonably relied on Defendants' misrepresentations and omissions when they decided to purchase AIG's travel insurance.

43.     As a direct and proximate result of Defendants' fraudulent misrepresentations and omissions, Plaintiff and the Class members sustained damages in the form of the insurance premiums that they paid to Defendants under false pretenses.

## COUNT II
**(Negligent Misrepresentation)**
**(On Behalf of Plaintiff and the Nationwide Class against AIG and United)**

44.     Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

45.     As set forth in detail above, Defendants misrepresented on United's website that by purchasing the AIG's travel insurance, Plaintiff and the Class members would incur fees for various cancellation and changes to their itineraries if they did not purchase insurance, although that was false. Defendants also misrepresented that the insurance coverage would provide reimbursement for costs associated with trip cancellations, although that was also false.

46.     Further, Defendants failed to disclose to Plaintiff and the Class members that pre-departure insurance coverage was unnecessary.

47.     Defendants negligently made these material misrepresentations and omissions to Plaintiff and the Class members in breach of their duty of reasonable care.

48.     Plaintiff and the Class members reasonably relied on Defendants' negligent misrepresentations and omissions when they decided to purchase AIG's travel insurance.

49. As a direct and proximate result of Defendants' negligent misrepresentations and omissions, Plaintiff and the Class members sustained damages in the form of the insurance premiums that they paid to Defendants under false pretenses.

## COUNT III
### (Unjust Enrichment)
### (On Behalf of Plaintiff and the Nationwide Class against AIG and United)

50. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

51. Plaintiff and the Class members conferred a direct benefit to Defendants by paying insurance premiums.

52. Defendants have knowledge of those benefits.

53. Defendants knowingly and willingly accepted and enjoyed the benefits conferred on them by Plaintiff and the Class members.

54. Defendants voluntarily accepted and retained these benefits, with full knowledge and awareness that as a result of the Refund Policy, Plaintiff and the Class members would not, and did not, receive the benefit of their bargain that had been represented by Defendants, and those reasonable consumers would expect.

55. Defendants' retention of these benefits is unjust and inequitable.

56. Plaintiff and the Class members are entitled to restitution in the amount of Defendants' ill-gotten gains, benefits and profits, including interest, resulting from their unlawful, unjust and inequitable conduct.

57. Plaintiff and the Class members seek an order requiring Defendants to disgorge their gains and profits to Plaintiff and the Class members, together with interest, in a manner to be determined by the Court.

## COUNT IV
### (Breach of Covenant of Good Faith And Fair Dealing)
### (On Behalf of Plaintiff and the Nationwide Class against AIG)

58. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

59. Each contract entered by Plaintiff and the Class members for the purchase AIG's travel insurance contains an implied term requiring AIG to adhere to a duty of good faith and fair dealing.

60. AIG breached its duty of good faith and fair dealing by failing to disclose to Plaintiff and the Class members that they were not eligible to receive coverage for costs associated with trip cancellations due to United's Refund Policy, and that such insurance was unnecessary.

61. Further, AIG breached its duty of good faith and fair dealing by failing to refund unearned premiums to Plaintiff and the Class members in light of United's Refund Policy.

62. Lastly, AIG breached its duty of good faith and fair dealing by refusing to refund Plaintiff and the Class members for their trip cancellation costs during their claim process due to the existence of United's Refund Policy.

63. AIG's breach of its implied duty of good faith and affair dealing is intentional, malicious, and with willful and wanton disregard of the rights and interests of Plaintiff and the Class members. AIG's conduct prevented Plaintiff and the Class members from receiving the fruits of their travel insurance.

64. As a direct and proximate result of AIG's breach of its duty of good faith and fair dealing, Plaintiff and the Class members sustained damages in the form of the insurance premiums that they paid to AIG under false pretenses, wrongfully denied insurance claims, and other damages in an amount to be determined at trial.

**COUNT III**
**(Violation of New Jersey's Consumer Fraud Act)**
**N.J.S.A. § 56:8-1, et seq. ("NJCFA")**
**(On Behalf of Plaintiff and the New Jersey Class against AIG and United)**

65. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

66. The NJCFA protects consumers from "[t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby…" N.J.S.A. § 56:8-2

67. The NJCFA defines "merchandise" as including "any objects, wares, goods, commodities, services or anything offered, directly or indirectly to the public for sale." N.J.S.A. § 56:8-1(c). Insurance policies are considered to be "merchandise" under the Act.

68. Defendants have engaged in marketing, promoting, advertising, offering for sale, and selling AIG's travel insurance within the meaning of N.J.S.A 56:8-1(c).

69. Plaintiff and the New Jersey Class members are "consumers" under the Act.

70. Defendants violated the NJCFA by misrepresenting the need for pre-departure insurance coverage on the Website and by advertising and selling AIG's travel insurance although Plaintiff and the New Jersey Class members were ineligible to receive the benefits provided therein from the outset due to the existence of United's Refund Policy.

71. As a result of Defendants illegal conduct, Plaintiff and the New Jersey Class members have suffered an economic injury, and Defendants have been unjustly enriched through their unfair and deceptive conduct.

72. As a result of Defendants violations of the NJCFA, Plaintiff and the New Jersey Class members are entitled to damages, statutory damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of the Classes; and naming Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(c) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d) For prejudgment interest on all amounts awarded;

(e) For an order of restitution and all other forms of equitable monetary relief;

(f) For injunctive relief as pleaded or as the Court may deem proper; and

(g) For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: May 25, 2021                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:     */s/ Yitzchak Kopel*

                              Yitzchak Kopel

Yitzchak Kopel
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: ykopel@bursor.com

**GUCOVSCHI LAW, PLLC.**
Adrian Gucovschi (*pro hac* vice forthcoming)
630 Fifth Avenue, Suite 2000
New York, NY 10111
Telephone: (212) 884-4230
Facsimile: (212) 884-4230
E-Mail: adrian@gucovschi-law.com

 *Attorneys for Plaintiff*